MAY TERM, 1921. 349

Krause *v.* Indianapolis Traction, etc., Co.—76 Ind. App. 349.

KRAUSE *v.* INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 9,971. Filed October 8, 1919. Rehearing denied January 9, 1920. Transfer denied October 5, 1921.]

STREET RAILROADS.— *Municipal Ordinance Regulating Use of Boulevards.—Scope and Applicability.—Street Cars.*—A municipal ordinance providing no person shall ride or drive upon any boulevard at a rate faster than ten miles an hour, has no application to a street car crossing such a highway on an intersecting street.

From Marion Superior Court (103,345) ; *Lynn D. Hay,* Judge.

Action by J. Edward Krause against the Indianapolis Traction and Terminal Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George W. Galvin,* for appellant.

*D. E. Watson* and *W. H. Latta,* for appellee.

REMY, J.—While appellant was traveling on Capitol avenue boulevard in the city of Indianapolis, his automobile, which he occupied at the time, collided with appellee's street car, which was being operated across the boulevard on tracks laid in Twenty-first street. There was at the time in full force and effect an ordinance of said city "regulating the use and enjoyment of boulevards and parkways in said city," which provided that: "No person shall ride or drive upon any boulevard at a rate faster than ten miles an hour." Appellant brought this action against appellee to recover damages to his person and property sustained by him as a result of the collision. In his complaint appellant charges, among other things, that appellee was at the time operating the street car at a higher rate of speed than ten miles an hour in violation of the ordinance. To the

complaint, which is in a single paragraph, appellee answered in denial. Trial by jury resulted in a verdict and judgment for appellee. The only error assigned is the overruling of the motion for a new trial; and the only questions presented for our consideration relate to the alleged error of the trial court in refusing to give certain instructions requested by appellant, and in the giving of certain instructions by the court on its own motion.

It is earnestly contended by appellant that the ordinance regulating the use of boulevards applies to street cars crossing such highways, and that the court erred in giving to the jury on its own motion instruction No. 17½, by which they were told that the ordinance did not so apply, but was admitted in evidence, and should be considered, solely for the purpose of showing the illegal rate of speed for vehicles running over and upon boulevards and parkways. The language of the ordinance does not admit of the construction called for by appellant. The trial court correctly construed the ordinance, and did not err in giving the instruction. *Citizens, etc., R. Co.* v. *Ford* (1899), 93 Tex. 110, 53 S. W. 575, 46 L. R. A. 457. We have examined all the other instructions of which complaint is made; also, all instructions tendered by appellant, and which were by the court refused. The requested instructions which stated the law correctly were covered by instructions given by the court. The court's instructions when taken as a whole fairly state the law of the case. There is no reversible error. Judgment affirmed.